IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY BLACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0442-WS-N |
| | ) |
| **GARY REYNOLDS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the defendants' motion to reconsider. (Doc. 87). The plaintiff has filed a brief in opposition, (Doc. 101), and the motion is ripe for resolution.

The amended complaint, (Doc. 4), includes a claim for breach of contract based on defendant Reynolds' alleged bullying and harassment of the plaintiff in violation of the employee handbook. (*Id*. at 4).[1] In their motion for summary judgment, the defendants argued the handbook did not create a contract of employment and that the plaintiff therefore remained an "at-will" employee who could be fired for any reason or none at all. (Doc. 70 at 24-26). The Court denied summary judgment as to the contract claim because the defendants wrongly construed the claim as asserting the breach lay in the plaintiff's termination rather than (as the amended complaint alleged and as the plaintiff testified) in Reynolds' conduct. (Doc. 78 at 15).

---

[1] The amended complaint describes the document as "the Company Policy Contract." (Doc. 4 at 4). The defendants call the document a "handbook." (Doc. 70, passim). The document is entitled, "Taking the High Road – The Direct General Group of Companies Code of Conduct," (Doc. 70 at 60), and it apparently "supersede[d]" the employee handbook. (*Id*. at 58). For convenience, the Court calls the document the employee handbook.

On the instant motion, the defendants argue that the failure of the handbook to create a contract dooms the plaintiff's actual contract claim as surely as it does the claim they misunderstood her to be making. The Court agrees.

In order for the provisions of an employee handbook to become contractual, the employer must have extended them to the employee in the form of an offer. "Intent to contract is determined by the parties' outward manifestations; accordingly, if the employer does not wish the policies contained in an employee handbook to be construed as an offer for a unilateral contract, he is free to so state in the handbook." *Carr v. Stillwaters Development Co.*, 83 F. Supp. 2d 1269, 1278 (M.D. Ala. 1999) (internal quotes omitted). "Thus, the Supreme Court of Alabama has refused to hold the provisions of a handbook enforceable against an employer where the handbook at issue expressly stated that the handbook terms are not to be construed as contract terms." *Id*. (internal quotes omitted). The analysis is the same whether the employee claims the handbook creates a contract for permanent employment or creates a contract that policies within the handbook must be followed. *E.g., id*. at 1278-79 (using this analysis where the plaintiff "complains that she suffered … discrimination and harassment … in violation of the anti-harassment policy in the employee handbook").

> In this case, the Company's employee handbook contains express disclaimers reserving the Company's right to deviate from all the policies stated in that handbook. … Accordingly, Stinson could not reasonably conclude that the Company was committed to always adhere to the policy stated in the handbook; therefore, the handbook, as a matter of law, could not reasonably be construed as a unilateral contract of employment ….

*Stinson v. American Sterilizer Co.*, 570 So. 2d 618, 621-22 (Ala. 1990). That is, "[i]f the employer reserves in the employee handbook the right to change policies unilaterally, its reservation operates as a disclaimer to negate any inference that the handbook constitutes an enforceable contract." *Harper v. Winston County*, 892 So. 2d 346, 351 (Ala. 2004).

Here, the plaintiff signed an acknowledgement form at the commencement of her employment, which explicitly provided that "Direct has the right to change any of its … policies … on an individual basis or for the company as a whole, with or without notice."  (Doc. 70 at 58).  As the plaintiff herself recognizes, (Doc. 101 at 3), this is precisely the sort of language which, under governing law, eliminates any possibility of an enforceable contract.[2]

For the reasons set forth above, the defendants' motion to reconsider is **granted**.  The plaintiff's claim for breach of contract is **dismissed with prejudice**.  This action will proceed to trial *only* with respect to the plaintiff's FLSA claim.  To be potentially admissible at trial, offered evidence must be relevant to that claim.

DONE and ORDERED this 29th day of January, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In the same document, the plaintiff also "acknowledge[d] that neither this Code of Conduct nor any other company policies or practices create an employment contract." (Doc. 70 at 58).  This language as well dispels any notion that the defendants offered to enter a contract ensuring that the plaintiff would never be bullied or harassed.  *See Abney v. Baptist Medical Centers*, 597 So. 2d 682, 683 (Ala. 1992) (as a matter of law, no employment contract was created when the handbook disclaimed such a contract and the plaintiff signed an acknowledgment form likewise disclaiming such a contract).  The plaintiff recognizes that her situation falls within the *Abney* paradigm.  (Doc. 101 at 3).