IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0442-WS-N |
| | ) |
| GARY REYNOLDS, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on five motions in limine filed by the defendants. (Docs. 90, 92-94, 96). The plaintiff has filed a global response, (Doc. 105), and the motions are ripe for resolution.

**I. Evidence of Other Lawsuits.**

The defendants seek exclusion of evidence "regarding other lawsuits and judgments," specifically a class action lawsuit. (Doc. 90 at 1). The defendants raise: (1) the prior bad acts exclusion (Rule 404(b)); (2) irrelevance (Rule 402); (3) hearsay (Rule 802); and (4) prejudice (Rule 403). (*Id*. at 2).

Evidence of prior bad acts is not admissible for the purpose of showing the defendants acted in this case in conformity with the character reflected by the prior bad acts. Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose." *Id*. Rule 404(b)(2). The plaintiff relies on this exception. (Doc. 105 at 1-2).

"Any employer who violates the provisions of … section 207 of this title shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, "[w]hen the jury finds an employer has

violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount ….." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008).

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260. "The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163.

Should the jury find for the plaintiff on her FLSA claim, and should the defendants resist an award of liquidated damages,[1] evidence of other FLSA actions could be offered as evidence that the defendants lacked objective or subjective good faith. This would be a purpose other than to show the defendants violated the FLSA vis-à-vis the plaintiff and thus would not be barred by Rule 404(b).

The defendants say that evidence of the class action is irrelevant because the plaintiff "has introduced no evidence that the other lawsuit … involves the same decision-makers, the same locations, or the same circumstances." (Doc. 90 at 3). Of course, the plaintiff need not "introduce [her] evidence" prior to trial, so her failure to do so is not fatal. The defendants by their ipse dixit have not shown that the circumstances of the class action are so alien to this case as to be completely nonprobative of whether they (and especially the corporate defendant) did or did not act in good faith in this case. Thus, the relevance vel non of the evidence cannot be determined presently, and that question remains open.

---

[1] The defendants indicate they will do so. (Doc. 85 at 7).

The defendants say that evidence of the class action is excludible hearsay. But evidence is hearsay only if it is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). It would appear open to the plaintiff to argue that she is not offering the evidence to prove that the defendants in fact violated the FLSA on other occasions but to prove, for example, that the lawsuits should have prompted the defendants to more adequately investigate their duties under the FLSA and/or to form different conclusions as to those duties in the circumstances of her case, as may be relevant to the good faith analysis.

The defendants find prejudice in the potential of such evidence to "inflame the jury" and to "mislea[d] the jury." (Doc. 90 at 4). Liability for liquidated damages, however, is decided by the Court, not the jury, so the jury will not hear such evidence before determining whether the plaintiff has proved the existence of an FLSA violation.

The plaintiff identifies no legitimate reason to present evidence regarding the class action to the jury, and the Court detects none. As the parties acknowledge, (Doc. 85 at 2), the employer's intent is irrelevant to an FLSA violation. While the jury decides questions of willfulness, *e.g., Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008), there is no willfulness issue presented in this case. The defendants listed willfulness in the joint pretrial document as an affirmative defense,[2] but willfulness is relevant only for the purpose of extending the limitations period from two years to three years. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008). The plaintiff was hired in December 2012, (Doc. 70 at 38), and she filed suit in September 2014, less than two years later, so the entire period of her employment – and the defendants' entire period of potential liability – falls within the two-year period.

---

[2] In fact, lack of willfulness is not an affirmative defense; instead, willfulness must be proved by the plaintiff. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008).

For the reasons set forth above, the defendants' motion in limine is **granted in part**.  The plaintiff and her witnesses are precluded from suggesting to the jury, by evidence, comment or otherwise, the existence of other lawsuits against the defendants, including the class action.  The plaintiff's ability to offer such evidence to the Court, following any jury verdict in favor of the plaintiff, remains open, and to that extent the motion in limine is **denied**.

**II.  Evidence of Fines Payable to the Department of Labor.**

The Secretary of Labor or his designee is authorized by statute to pursue and recover civil penalties of up to $1,100 per repeated or willful violation of the overtime requirements of the FLSA.  29 U.S.C. §§ 216(e)(2), -(3)(B), -(3)(C), -(4) and -(5).  In the joint pretrial document, the plaintiff disclosed an intent to address this provision at trial. (Doc. 85 at 4).  The defendants correctly object that such evidence is irrelevant to any issue in this lawsuit and likely is unfairly prejudicial. (Doc. 92).  The plaintiff does not oppose the defendants' motion.  (Doc. 105 at 3).

For the reasons set forth above, the defendants' motion in limine is **granted**.  The plaintiff and her witnesses are precluded from suggesting to the jury, by evidence, comment or otherwise, the existence or applicability of the penalty provision.

**III.  Evidence Relating to Dismissed Claims.**

The Court has dismissed the plaintiff's Title VII claims as well as her contract claim.  The defendants seek the exclusion of "any evidence relevant to any of [the plaintiff's] dismissed claims."  (Doc. 93 at 3). The plaintiff does not oppose the defendants' motion.  (Doc. 105 at 4).  For the reasons set forth above, the defendants' motion in limine is **granted**.  The plaintiff is precluded from offering evidence that is not relevant to her remaining FLSA claim.

### IV. Evidence Regarding Failure to Pay Other Employees Overtime.

The plaintiff apparently intends to offer evidence from several past and present local employees regarding "their off-the-clock work." (Doc. 105 at 3). The defendants assert vaguely that such evidence is irrelevant to the plaintiff's case, (Doc. 94 at 1-2), but neither of the two cases they cite supports the proposition.[3]  The parties agree that an element of the plaintiff's case is that the employer "knew or had reason to believe that Black worked additional hours for which she was not paid." (Doc. 85 at 2). The defendants have not explained why evidence that other local employees also worked off the clock – the plaintiff describes it as a "common practice," (*id*. at 3) – would not be relevant to whether the defendants had reason to believe the plaintiff was doing so.

The Court does not rule that such evidence is admissible, but the defendants have failed to show that it is not admissible. Accordingly, their motion in limine is **denied**.

### V. Testimony of Martha Lester.

The defendants object that this witness was not identified until she was listed by the plaintiff in the final pretrial document. (Doc. 96). The defendants correctly point out that this is a grossly tardy disclosure. The plaintiff does not oppose the motion.

For the reasons set forth above, the motion in limine is **granted**. The plaintiff is precluded from calling Martha Lester as a trial witness.

DONE and ORDERED this 2nd day of February, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] One addresses "me, too" evidence in an employment discrimination case, while the other, although an FLSA case, addresses discovery regarding persons who did receive overtime compensation, not persons who earned it but were not paid for it.