## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0442-WS-N |
| | ) |
| GARY REYNOLDS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

In the joint pretrial document, the defendants identified "off-set" and "unclean hands" as affirmative defenses.  (Doc. 85 at 8-9).  The Court ordered the defendants to file a motion in limine addressing these defenses, (Doc. 86 at 3), and the defendants have filed a motion in limine "to include evidence" of these defenses.  (Doc. 95).  The plaintiff has filed a response, (Doc. 105 at 3-4), and the motion is ripe for resolution.

The plaintiff alleges that, with the defendants' awareness if not instruction, she worked off the clock during her lunch period.  The defendants assert that the plaintiff "stole time from the company by failing to clock out for lunch breaks when she was conducting personal business."  (Doc. 85 at 2).  They argue the plaintiff's hands are unclean, and that they are entitled to an offset, because she "falsified her time sheets by reporting time that she did not work" and (which is apparently another way of describing the same conduct) because she "failed to accurately report her hours worked."  (*Id*. at 9).  This occurred, the defendants say, "on several occasions" during the plaintiff's ten-month employment.  (Doc. 95 at 3).[1]

---

[1] The plaintiff was employed from December 2012 to October 2013.  (Doc. 78 at 1, 7 & n.8).

**I.  Unclean Hands.**

 In the joint pretrial document, the defendants' only legal support for their unclean hands defense was an Eleventh Circuit case addressing the defense in the bankruptcy context.  (Doc. 85 at 9 n.14).  In their motion in limine, the defendants cite five district court decisions from Florida for the proposition that the defense applies in the FLSA context.  (Doc. 95 at 1-2).  The Court does not find them persuasive.

The defendants' authorities rely almost exclusively on *McGlothan v. Walmart Stores, Inc*., 2006 WL 1679592 (M.D. Fla. 2006).  The plaintiff in *McGlothan* asserted an FLSA claim for failure to pay overtime and for retaliation, and the defendant asserted an affirmative defense of unclean hands, *id*. at *1, which the plaintiff challenged with a motion to strike.  *Id*. at *2.  The *McGlothan* Court, after noting that the Supreme Court in *McKennon v. Nashville Banner Publishing Co*., 513 U.S. 352 (1995), permitted after-acquired evidence of wrongdoing to affect the remedies awarded in an ADEA case, concluded that a defense of unclean hands should have a similar impact in FLSA cases because it "serve[s] the same general purpose – to prevent a plaintiff from wrongfully profiting from misconduct."  *Id*. at *2-3.  None of the defendants' other cited cases expand upon this brief analysis.

The classical unclean hands defense "bar[s] the suitor from invoking the aid of the equity court."  *McKennon*, 513 U.S. at 885.  That is, a plaintiff with unclean hands "must be denied equitable relief" in toto.  *Id*.  But this blanket prohibition on relief "has not been applied where Congress authorizes broad equitable relief to serve important national policies[, and] [w]e have rejected the unclean hands defense where a private suit serves important public purposes."  *Id*. at 885 (internal quotes omitted).  In *Bailey v. TitleMax, Inc*., 776 F.3d 797 (11th Cir. 2015), the Eleventh Circuit confirmed that "totally and entirely bar[ring] [an] FLSA claim" based on the plaintiff's misconduct – packaged in *Bailey* as unclean hands and *in pari delicto* – contradicts *McKennon*.  776 F.3d at 804.  To the extent

the defendants seek to assert unclean hands as an absolute defense, their position is untenable.

While rejecting unclean hands as a complete bar to recovery, the *McKennon* Court concluded that "[t]he employee's wrongdoing must be taken into account" in fashioning an appropriate remedy. 513 U.S. at 886. In the after-acquired evidence context, where the unknown misconduct by the since-terminated plaintiff would have resulted in discharge had it been known, "neither reinstatement nor front pay is an appropriate remedy," and back pay generally will run only "from the date of the unlawful discharge to the date the new information was discovered." *Id*. The question is whether a private FLSA plaintiff's remedies for overtime violations can be similarly limited.

The Eleventh Circuit in *Bailey* has suggested a negative answer to this question. "While *McKennon* held that such defenses may limit relief under the ADEA, the Court rested its reasoning on the fact that the ADEA provides *both equitable and legal* remedies." 776 F.3d at 804 n.5 (emphasis in original). "In private FLSA actions, however, courts are empowered to grant *only legal* relief." *Id*. (emphasis in original). Because this portion of *Bailey* is dicta, it is not controlling, but the Court finds it persuasive, and certainly more so than the defendants' authorities.

As the *McKennon* Court noted, 513 U.S. at 886, the ADEA provides that "the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate." 29 U.S.C. § 626(b).[2] While the FLSA provides for similar relief in retaliation cases, *id*. § 216(b), in the case of overtime violations, plaintiffs' relief is limited to "the amount of … their unpaid overtime compensation … and … an additional equal amount as liquidated damages." *Id*. Thus, "[f]or violations of the

---

[2] Restitution, front pay and back pay have all been viewed as equitable remedies. *E.g., West v. Gibson*, 527 U.S. 212, 217 (1999) (identifying reinstatement and backpay as equitable remedies*); Pollard v. E.I. du Pont de Nemours & Co*., 532 U.S. 843, 853 & n.3 (2001) (front pay awards consistently viewed as the functional equivalent of reinstatement).

wage and overtime provisions, the FLSA does not list equitable relief as an available remedy in an employee suit." *Bailey v. Gulf Coast Transportation, Inc*., 280 F.3d 1333, 1335 (11th Cir. 2002).

This is not a distinction without a difference. As the *McKennon* Court recognized, unclean hands is an equitable doctrine that operates against "equitable relief." 513 U.S. at 885. The *Bailey* Court confirmed that unclean hands is an "equitable defens[e]." 776 F.3d at 800. It would be strange indeed for an *equitable* defense to impact *legal* remedies, as a number of lower court opinions addressing the defense in the FLSA context have remarked. *See Campbell v. A.S.A.P. Assembly, Inc*., 2013 WL 6332975 at *2 (W.D. Okla. 2013); *Uto v. Job Site Services Inc*., 269 F.R.D. 209, 213 (E.D.N.Y. 2010); *Torres v. Gristede's Operating Corp*., 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008); *Lopez v. Autoserve, LLC*, 2005 WL 3116053 at *1 (N.D. Ill. 2005).

Because the only issue before the Court is whether the defendants have made an adequate showing that they may pursue an unclean hands defense, the Court makes no definitive ruling regarding the availability *vel non* of such a defense in the context of a private FLSA action for overtime compensation. For the reasons set forth above, the defendants' motion in limine to allow evidence in support of an unclean hands defense is **denied**. The defendants will not be permitted at trial to advance such a theory by evidence or jury argument.

## II. Offset.

"Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions …." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled in part on other grounds*, *McLaughlin v. Richland Shoe Co*., 486 U.S. 128 (1988). The defendants

nevertheless rely on *Heard* – not for the general rule quoted above, but for one of "three exceptions," *id*. at 3 n.2, which they assume applies here.  (Doc. 95 at 3).[3]

"Where the employee has previously misappropriated funds, temporary reductions below the statutory minimum have been permitted in order that the employer might recoup the losses."  *Heard*, 491 F.2d at 3 n.2.  The defendants argue the plaintiff "misappropriated" funds by failing on several occasions to clock out when she was engaged in personal business, and they conclude they are entitled to have such sums as they can prove offset against any recovery by the plaintiff in this action.

The defendants appear to be mixing apples with oranges.  The "three exceptions" identified in *Heard* are not exceptions to the rule prohibiting setoffs against awards in FLSA litigation but exceptions to the rule that each periodic wage payment to an employee must be made "free and clear" of paybacks to the employer.[4]  That is, setoffs may sometimes be used *in the employment relationship* and, if properly employed, can reduce an employee's wage without triggering an FLSA violation.  Nothing in that proposition, however, negates *Heard*'s ban on setoffs *in FLSA litigation*.

Because the only issue before the Court is whether the defendants have made an adequate showing that they may pursue a setoff of any damages awarded the plaintiff in this lawsuit, the Court makes no definitive ruling regarding the availability *vel non* of such a defense in the context of a private FLSA action for

---

[3] In the only other authority cited by the defendants, a trial court simply accepted the plaintiff's concession that setoff was permissible.  Thus, the defendants' motion in limine depends completely on *Heard*.

[4] The *Heard* Court specifically stated that it was identifying exceptions to "this requirement," that is, the requirement that "'the minimum wage required must normally be paid "free and clear."'"  491 F.2d at 3 & n.2 (quoting *Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973)).  *Veterans Cleaning Service* involved "payroll deductions," *Heard*, 491 F.2d at 3, as did the case establishing the "misappropriation" rule on which the defendants rely.  *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1197-99 (5th Cir. 1972); *Veterans Cleaning Service*, 482 F.2d at 1369 (*Mayhue's* involved "paycheck deductions").

overtime compensation.  For the reasons set forth above, the defendants' motion in limine to allow evidence in support of an off-set defense is **denied**.  The defendants will not be permitted at trial to advance such a theory by evidence or jury argument.

DONE and ORDERED this 3rd day of February, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE