IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY BLACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO.: 1:14-00442-WS-N |
| ) | |
| **GARY REYNOLDS, and DIRECT** ) | |
| **GENERAL, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW**

COME NOW Defendants Gary Reynolds and Direct General, Inc. (hereinafter collectively "Defendants") and, pursuant to Federal Rule of Civil Procedure 50(a), move the court to enter judgment as a matter of law and dismiss this case with prejudice. In support thereof, Defendants submit the following:

**I.   INTRODUCTION**

Plaintiff Kimberly Black asserted claims against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") for sex discrimination in promotion and termination, hostile work environment and retaliation. Black also asserted she was denied overtime pay in violation of the FLSA, and a breach of contract claim based upon Direct General's anti-discrimination policies. Defendants moved for summary judgment on all of Black's

claims and this Court dismissed Plaintiff's Title VII claims (Doc. 78). Defendants moved the Court to reconsider its denial of summary judgment on Plaintiff's breach of contract claim, which this Court granted (Doc. 102). Plaintiff's sole remaining claim is her FLSA overtime claim. For the reasons discussed below, Plaintiff has provided insufficient evidence to permit a reasonable factfinder to find that Defendants violated the FLSA's overtime provision, and Defendants are entitled to judgment as a matter of law.

## II.  ARGUMENT

Defendants are entitled to judgment as a matter of law on Plaintiff's FLSA overtime claim because, even assuming the truth of Plaintiff's allegations, Plaintiff has not provided legally sufficient evidence to establish (1) that she worked overtime without compensation, and (2) that Defendants knew or should have known of that overtime work. Fed. R. Civ. P. 50 (a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

When evaluating a motion under Rule 50, a court "should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." Cleveland v. Home Shopping Network, 369 F.3d 1189, 1192-

2

93 (11th Cir. 2004) ( citing Reeves v. Sanderson Plumbing Prods ., 530 U.S. 133 (2000)). "If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted." Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989). To establish a claim for unpaid overtime under the FLSA, a plaintiff must show (1) that she worked overtime without compensation, and (2) that the employer knew or had reason to believe that she worked additional hours for which she was not paid. Allen v. Board of Public Education for Bibb County, 495 F.3d 1306, 1314–15 (11th Cir.2007) (citing Reich v. Dept. of Conservation and Natural Resources, 28 F.3d 1076, 1081–82 (11th Cir.1994)). Black cannot meet this burden. Here, all facts and inferences point overwhelmingly in favor of Defendants, because no evidence supports a reasonable finding that Plaintiff worked overtime without compensation.

### A. Plaintiff has not provided legally sufficient evidence that she worked overtime without compensation.

#### 1. No reasonable inference may be made that Defendants' time records cannot be trusted.

Plaintiff lacks any documentation of the time she allegedly worked overtime without compensation. Nonetheless, the Eleventh Circuit has advised that an employee without documentation can proceed on an FLSA claim if the employee can establish that the employer's records cannot be trusted. Allen, 495 F.3d at

3

1316. However, the evidence in this case overwhelmingly supports a finding that Defendants' time records are trustworthy. In this case, absolutely no evidence suggests that Plaintiff was told she would not be <u>paid</u> overtime. Similarly, no evidence establishes that Plaintiff attempted to turn in records for overtime worked, but was told she would not be paid for overtime or that she was told to turn in fraudulent or revised timesheets. For instance, in <u>Allen</u>, 495 F.3d at 1317, the Eleventh Circuit determined that there was a reasonable inference that the employer's time records could not be trusted because the evidence showed that the plaintiffs in that case were encouraged to falsify their own records by submitting time sheets that reflected their scheduled, rather than actual, hours. Specifically, in that case, some plaintiffs had "recorded their overtime hours, but were made to take back their accurate time sheets and resubmit new time sheets that reflected their scheduled not, not actual hours." <u>Id.</u> Moreover, "[a]t least one plaintiff said that time sheets were torn up if they reflected overtime work" and "[a]nother said that the individual in charge of time sheets would white out time worked on [the plaintiff's] time sheets." <u>Id.</u>

Unlike <u>Allen</u>, the evidence in this case does not support a reasonable inference that Defendants' time records cannot be trusted. For example, in <u>Jackson v. Corr. Corp. of Am.</u>, No. CV 311-111, 2014 WL 575720, at *10 (S.D. Ga. Feb. 11, 2014) <u>aff'd</u>, 606 F. App'x 945 (11th Cir. 2015), the court noted and the

Eleventh Circuit affirmed that the case was "sharply distinguishable from *Allen*," because the plaintiff "agree[d] that she was paid for overtime that she worked." Id. Further, "although she was instructed to closely monitor her hours, there [was] no evidence that Defendant, altered, manipulated, or destroyed Plaintiff's time records." Id.  Rather, "Defendant maintained a compensation policy that required payment for all hours worked by an employee, regardless of whether time worked was overtime," the plaintiff knew how to report and verify her overtime, and the plaintiff "in the past had turned in time sheets showing that she ha[d] worked overtime and ha[d] been paid for the amount of overtime worked." Id.

Like Jackson, the evidence in this case shows that Plaintiff was well aware of how to report her time, Plaintiff was aware of how to report any discrepancies, and that Plaintiff reported and received overtime pay for essentially every month she worked for Defendants. Plaintiff testified that she knew how to record her time and that she received overtime pay:

> Q: How did you keep track of your time during your employment with Direct General?
>
> A: It was all on the computer.
>
> Q: Was there a time you had log onto [sic] once you got to work?
>
> A: Yes.
>
> Q: And you logged off at the end of the day?
>
> A: Yes.

5

> . . . .
>
> Q: Did you ever make requests to any of your supervisors to make changes; for instance, if you forgot to clock in or out?
>
> A: Gary Reynolds.
>
> Q: How would you make those requests?
>
> A: I would call him.

(Black Depo. at 99:15-100:12).

Additionally, Plaintiff's undisputed time records establish that Plaintiff received overtime at least one pay period of every month during which she was employed by Direct General. Black has no documents to dispute the accuracy of the pay records showing she received overtime more often than not (Black Depo. at 112:21-114:7). In sum, Plaintiff reported and received overtime pay in every single month of the approximately 10 months she worked for Defendants. This is not a case where Plaintiff was told she would not be paid for overtime reported, or that she should submit fraudulent time sheets, nor were Plaintiff's time sheets rejected or mutilated like the time sheets in <u>Allen</u>.[1] Accordingly, the evidence in this case falls far short of supporting a reasonable inference that Defendants' time records cannot be trusted.

---

[1] To the extent Plaintiff claims Defendants' purported statements that she should avoid "getting into overtime" constituted an FLSA violation, simply discouraging overtime work does not constitute a violation of the FLSA. See <u>Whitaker v. Pac. Enterprises Oil Co. (USA),</u> 956 F.2d 1170 (10th Cir. 1992).

B SDC01 1482833 v1
2789045-000125 02/10/2016

### 2. Plaintiff has not produced legally sufficient evidence to permit a reasonable inference as to the amount and extent of the alleged overtime worked.

Even assuming Plaintiff has provided sufficient evidence to establish that Defendants' time records are not trustworthy, which she has not, Plaintiff has failed to submit legally sufficient evidence of the amount and extent of the overtime she allegedly worked. "[I]n situations where the employer's records cannot be trusted and the employee lacks documentation," an employee has the burden to prove "that he has in fact performed work for which he was improperly compensated and . . . produc[e] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Allen, 495 F.3d at 1316. Here, no reasonable inference can be drawn from Black's evidence that she was entitled to overtime pay. In fact, absolutely no evidence in this case demonstrates the amount and extent of Plaintiff's purported overtime worked. During the course of this litigation, Plaintiff has not submitted through interrogatory responses, requests for production, or deposition testimony any evidence of the amount and extent of the work she performed. This is not a case where Plaintiff's evidence is merely lacking. Rather, Plaintiff's evidence is practically non-existent.

This case is completely devoid of the type of evidence which could support a finding that Plaintiff is entitled to overtime pay despite having no documents to support her claim. For instance, in Allen, 495 F.3d at 1317, the court noted that the

7

plaintiffs need not have documents reflecting their alleged overtime hours, because they could ultimately meet their burden at trial by presenting testimony of "triggering factors" to demonstrate the amount and extent of the overtime worked. In that case, one plaintiff had testified about "occasional after-school ice cream sales, dances, and occasions when parents were late to pick up their children that helped her recall when she worked overtime. The ice cream sales occurred two to four times a week and [another individual] would witness [the plaintiff] selling ice cream because she would come in to buy ice cream from her." Additionally, evidence showed that "PTO meetings occurred every six weeks beginning in 2000, and on the dates that PTO meetings were held [the plaintiff] would be at school 'from the time school ended until after the PTO meeting, which would be usually about 7:30 to 8:00.' [The plaintiff] testified that she only missed two PTO meetings, and that the school had a calendar of PTO meetings, which [the plaintiff] had created." Moreover, "numerous individuals, including the assistant principal, the school secretary, numerous co-workers, and her husband would be able to support [the plaintiff's] claim that she worked beyond her scheduled hours." Id. Here, Plaintiff has in no way submitted evidence approaching the level of the evidence deemed appropriate in Allen.

When asked whether she was paid overtime for hours worked in excess of 40 hours a week, Plaintiff testified "sometimes" and further stated that "a couple of

times we had a [sic] work off our overtime pay that we had acquired." Black Depo. at 100:13-19. When asked how many times she believes her time had been changed such that she was not paid for all of the hours she worked, Plaintiff stated "I don't know. A couple of times." Id. When asked how much time she thought she was not paid for, Plaintiff stated she was not sure. Id. at 103:22-104:10. To the extent Plaintiff now claims she worked 200 hours of overtime for which she was not paid, in light of Plaintiff's deposition testimony and absent interrogatory responses, such claim lacks all credibility and cannot support a reasonable inference that Plaintiff is entitled to 200 hours of overtime pay.

Rather, a plaintiff cannot establish entitlement to overtime pay under the FLSA by merely giving vague references to hours worked. For instance, in Jackson, 606 F. Appx. at 952-53, the Eleventh Circuit determined that a plaintiff "failed to meet even the relaxed burden of produc[ing] sufficient evidence to show the amount and extent of [overtime] work as a matter of just and reasonable inference" where the plaintiff "never stated with any clarity or precision the number of hours she allegedly worked, the amount or nature of that work, where or when the work was completed, or anything else that would assist a factfinder in approximating [her] unpaid overtime." Id. Like the plaintiff in Jackson, Black has not stated with any clarity the number of hours she allegedly worked, claiming in her deposition that she believes she's owed overtime for a "couple of times."

9

Further, Black has not stated with any clarity or precision where or when the alleged off-the-clock work such as "marketing" occurred or was completed or anything else that would assist a factfinder in making a reasonable approximation of Black's unpaid overtime. See id. at *11 (noting that plaintiff's failure to track and log her time accurately to "conclusively establish *any* amount of overtime she claims that she worked [was] particularly detrimental to her claim") (emphasis in original).

Further, to the extent Plaintiff now claims she is entitled to 200 hours of overtime pay, that wholly uncorroborated and contradictory claim is also insufficient to meet her burden. In Jackson, for example, the court concluded that the plaintiff's contradictory statements concerning the number of hours she worked "are not evidence from which can be drawn just and reasonable inferences about the nature and extent of that work." Jackson, 606 Fed. Appx. at 952 n. 10. There, the plaintiff stated in her sworn declaration that she worked 7.5 to 10 hours per week of uncompensated overtime for the first six or seven months that she worked as a library aide, but later stated in her deposition that she worked 15 or 20 hours for maybe the first six or seven months. The same is true here where Plaintiff has jumped from not knowing how much overtime she allegedly worked, to citing a "couple" of instances of alleged unpaid overtime, to 200 hours. Like the plaintiff in Jackson, Black's evidence is not that from which can be drawn just and reasonable

inferences about the nature or extent of her purported overtime work. Accordingly, she has not provided legally sufficient evidence that she worked overtime compensation without pay.

### B. Plaintiff has not provided legally sufficient evidence that Direct General knew or should have known that Black worked uncompensated overtime hours.

The Eleventh Circuit has held as follows:

> [A]n employer's knowledge is measured in accordance with his 'duty ... to inquire into the conditions prevailing in his business…In reviewing the extent of an employer's awareness, a court "need only inquire whether the circumstances ... were such that the employer either had knowledge [of overtime hours being worked] or else had the opportunity through reasonable diligence to acquire knowledge.

Reich v. Department of Conservation & Natural Resources, 28 F.3d 1076, 1082 (11th Cir. 1994) (internal citations omitted.). However, "an employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur." Gaylord v. Miami-Dade County, 78 F. Supp. 2d 1320,1325 (S.D. Fla. 1999) (citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir.1972) (upholding judgment for employer that employee was estopped from claiming more hours than those submitted in time sheets); Newton v. City of Henderson, 47 F.3d 746, 748–49 (5th Cir.1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on time sheets); Davis v. Food Lion, 792 F.2d 1274, 1277–78 (4th Cir.1986) (affirming judgment for employer where employee falsified time records to

11

underreport time); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981) ("[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207")).

It is undisputed that Direct General had a specific method for recording work hours and overtime. (See Black Depo. 99:15-100:1). Thus, for the off-site work that Black purportedly performed, there was no way for Direct General to know unless Black reported it. "Work performed off-site must be counted as time worked only if the employer knows or has reason to believe that work is being performed." Fletcher v. Universal Technical Inst., Inc., No. 6:05CV585 ORL31DAB, 2006 WL 2297041, at *5 (M.D. Fla. June 15, 2006) (citing Holzapfel v. Town of Newburgh, NY, 145 F.3d 516, 524 (2nd Cir.1998)). Because Black never reported this off-site time on her timesheets or to her supervisor, Direct General was not in a position to know to pay Black overtime compensation.

Black has failed to produce any evidence to show that Direct General knew that she was underreporting her hours. Black never informed her supervisors that she was not receiving compensation for all time worked, and she never asked to correct her time sheets. (See Black Depo. 106:2-23). Furthermore, even if Black

could prove that Direct General had some knowledge that she was working for uncompensated time, which she cannot, federal courts have refused to find FLSA overtime violations on substantially more evidence of notice than what Black alleges in this case.[2]

### III. CONCLUSION

Black's FLSA overtime claim fails as a matter of law. Black has not provided legally sufficient evidence to support a reasonable inference that she worked overtime without compensation. To the contrary, she stole time from Direct General by conducting personal business on company time. When she got caught, Black filed a frivolous complaint to prevent her termination. Black's claims are without merit.

WHEREFORE, premises considered, Defendants respectfully move this Court to enter an Order granting its Motion for Judgment as a Matter of Law, dismissing Black's FLSA claim with prejudice, and taxing costs against Black.

---

[2] See Bailey v. County of Georgetown, 94 F.3d 152, 157 (4th Cir.1996) (isolated incidents where employer was told that some employees were not recording all of their hours were not sufficient to put employer on notice that employees worked unreported overtime hours); Newton v. City of Henderson, 47 F.3d 746, 749 (5th Cir.1995) (employer's access to information regarding employees' activities, standing alone, did not establish knowledge where employee was specifically ordered not to work overtime and employee did not demand payment for overtime); Darrikhuma v. Southland Corp., 975 F. Supp.778, (D.Md.1997) (employee's unsupported allegations that employer was advised of his uncompensated overtime did not establish actual or constructive knowledge); Gaylord, 78 F.Supp.2d at 1327 (employer lacked knowledge where majority of employee's overtime work took place at home, supervisors had not means of determining how employee spent time, and employee's records did not include claimed overtime hours).

B SDC01 1482833 v1
2789045-000125 02/10/2016

Respectfully submitted February 10, 2016.

By: *s/Rachel V. Barlotta*
RACHEL V. BARLOTTA
SHARONDA D. CHILDS

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 Twentieth Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007
E-mail: rbarlotta@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served on the following via electronic mail and/or U.S. Mail, postage pre-paid, a correct copy of the foregoing document:

Kimberly Black
6009 Booker Circle
Mobile, Alabama 36693
205-445-3663
kimbee4life@gmail.com

This, the 10th day of February, 2016.

*s/ Rachel V. Barlotta*
Of Counsel

B SDC01 1482833 v1
2789045-000125 02/10/2016